UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE** | * | CIVIL NO. 11-1431 |
| **AND ANNUITY CORPORATION** | * | |
| | * | |
| **V.** | * | SECTION: N |
| | * | MAG:   4 |
| **CYNTHIA DUFOUR CANNATELLA** | * | |
| **AND DIANE PEREZCANNATELLA** | * | |

**MEMEORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND REPLY MEMORANDUM ON BEHALF OF DIANE PEREZ CANNATELLA TO NEW YORK LIFE INSURANCE AND ANNUITY CORPORATIONS'S MOTIONS FOR INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DISMISSAL WITH PREJUDICE**

Defendant Cynthia Cannatella does not oppose dismissing complainant New York Life Insurance and Annuity Corporation (New York Life) from this matter, but opposes injunctive relief and reservation of the right to seek attorney's fees for the below stated reasons.

### Background

On or about May 24, 2000 Anthony W. Cannatella, Sr. (insured) applied to New York Life for a universal life insurance policy as the owner and insured. New York Life issued universal life insurance policy no. 62-791-089, which included a death benefit of $250,000 to the named beneficiary after Anthony W. Cannatella's death. As designated owner of the policy, Anthony Cannatella named his former wife Cynthia Cannatella as first beneficiary and his youngest son, Andrew Cannatella as second beneficiary. *(Policy*

*pg. 2 N.Y. Exhibit A Document 13-2 pg. 3 of 35)*. The applicable terms of the policy are as follows:

The words "You" or "your" refer to the owner of the policy. *(Policy pg. 3 N.Y. Exhibit A Document 13-2 pg. 9 of 35)*.

**Paragraph 2.5** Section Two-Owner and Beneficiary:

*May You Change A Beneficiary?*

*While the insured is living, you can change a beneficiary in a notice you sign which gives us the facts that we need. This change will take effect as of the date you signed the notice, subject to any payment we made or action we took before recording the change.* (***Policy pg. 6 N.Y. Exhibit A Document 13-2 pg. 12 of 35)***.

**Paragraph 1.1** Section One-Life Insurance Benefits:

*Is A Life Insurance Benefit Payable Under This Policy?*

*We will pay the life insurance proceeds to the beneficiary promptly, when we have proof that the insured died before the Maturity Date and while the life insurance under this policy was in effect, subject to the General Provisions section of this policy.* ***(Policy pg. 4 N.Y. Exhibit A Document 13-2 pg. 10 of 35)***.

**Paragraph 8.3** Section Eight- General Provisions:

Will We Be Able To Contest This Policy?

2

> We will not contest the payment of the life insurance proceeds based on the initial fact amount, after this policy has been in force during the lifetime of the Insured for 2 years from the issue date. *(Policy pg. 16 N.Y. Exhibit A Document 13-2 pg. 22 of 35).*

On May 12, 2010 Cynthia Cannatella filed for divorce in case no. 687-358(L) in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Commissioner Ruben J. Bailey issued a temporary restraining order enjoining insured from, "changing any beneficiary designations against any community owned policies and/or accounts." *(N.Y. Exhibit A Document 13-3 pg. 10 of 22).* Insured was personally served with the petition on May 14, 2010.

At the time insured was served, he was in the fatal stage of esphogeal cancer. Radiation treatments made him gravely ill and bedridden. Insured could not obtain counsel until the evening of June 14, 2010. Counsel for insured contacted counsel for Cynthia Cannatella immediately and requested a continuance of the meeting with the state court hearing officer. Cynthia Cannatella refused. Counsel for insured contacted the state court hearing officer on the morning of June 15, 2010 and made a verbal motion to continue the meeting, citing insured's illness. Cynthia Cannatella objected and the motion was denied. The hearing officer recommended issuing mutual injunctions for both parties. He expanded the temporary restraining order to now include, "Life insurance policies and beneficiaries thereto." *(N.Y. Exhibit A Document 13-3 pg. 21 of 22).*

Insured timely filed into the court record an objection to the hearing officer's recommendations, and his refusal to continue the hearing on June 17, 2010. Cynthia

3

Cannatella also filed an objection to the Hearing Officer's recommendations on June 17, 2010 asking for more spousal support.

On June 18, 2010 insured filed an answer and reconventional demand into the court record. Paragraph 2 of insured's reconventional demand alleged he and Cynthia Cannatella physically separated on or about March 29, 2010, and there was no reconciliation since that date.

Cynthia Cannatella filed an answer to insured's reconventional demand admitting she and insured physically separated on March 29, 2011 without reconciliation.

On July 20, 2010 Cynthia Cannatella filed a motion to set the petition for divorce for a trial on the merits. The state court set the divorce trial, along with a hearing on Cynthia Cannatella and insured's motions and objections, for November 10, 2010.

After the pre-trial conference with the judge on November 10, 2010, the parties agreed the grounds for a divorce, and fault in the breakup of the marriage would be bifurcated into two separate trials. The issue of fault would be heard at a latter date when discovery and all remaining objections were concluded.

The agreement the issue of fault in the breakup of the marriage was discussed by counsel for insured and Cynthia Cannatella on the record throughout the divorce trial.

After both parties rested, counsel for Cynthia Cannatella asked the court if it was finding insured at fault in the breakup of the marriage. Counsel for insured objected.

> **Mr. Cabral:** **Well, Judge, if you find him guilty of adultery and grant the divorce, he's at fault on his end.**
>
> **The Court:** **We're reserving fault.**
>
> **Mr. Burkart:** **That's right.**

4

| | |
|---|---|
| The Court: | There's going to be a fault hearing. |
| Mr. Cabral: | Okay. |
| The Court: | If both parties want a divorce, I'm going to grant it. |
| Mr. Burkart: | The divorce. |
| The Court: | But the fault I'm going to reserve that for when we have that hearing... (Trial Transcript Pg. 299 Exhibit 1). |
| Mr. Cabral: | But they haven't been apart a year judge. |
| The Court: | I thought they were apart six months. |
| Mr. Burkart: | Six months -- six months, Your Honor. |
| The Court: | Six months. |
| Mr. Burkart: | Yeah. Thank you, Your Honor. |
| The Court: | I'll grant it as to that and the interim order is going to remain in effect. |
| Mr. Cabral: | All right. |
| The Court: | Okay. I'm going to grant that. (Trial Transcript Pg. 302 Exhibit 1). |

The judgment of divorce was signed by the court on December 1, 2010.

Insured signed an authorized New York Life Change of Beneficiary Request form on November 29, 2010. As owner of the policy, he designated Diane Cannatella as first beneficiary, and his sons Anthony W. Cannatella, Jr. and Andrew J. Cannatella as second beneficiaries. *(N.Y. Exhibit A Document 13-4 pg. 2 of 35)*. Insured married Diane Cannatella on December 7, 2010. He died testate on December 31, 2010.

5

Insured's will was probated in case no. 696-515(P) in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Insured's brother, Joseph S. Cannatella, Jr. was appointed executor. As executor, Joseph Cannatella filed a motion to dismiss all ancillary matters pending in the divorce proceeding because insured's succession was opened and Cynthia Cannatella was recognized as a creditor. The court signed a judgment on February 22, 2011 granting Joseph Cannatella's motion and dismissed all ancillary proceedings pending in the divorce proceeding without prejudice. A rule is pending in the succession proceeding to compel Cynthia Cannatella to turn over property that is part insured's estate and in her possession to Joseph Cannatella.

A concursus proceeding is pending in docket no. 601-588(24) in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. Representatives of the Municipal Police Employees Retirement System filed a concursus proceeding after Cynthia Cannatella challenged insured's right as owner of the plan to change his beneficiary from Cynthia Cannatella to his two surviving sons.

Diane Cannatella and Joseph Cannatella will not make New York Life a party in either state court proceeding.

Despite the judgment dismissing all ancillary matters in the divorce proceedings, Cynthia Cannatella filed on February 25, 2011 an exparte motion, and the state court signed an order vacating both the Temporary Restraining Order signed on May 12, 2010 and the Preliminary Injunction signed on July 14, 2010. In her motion, Cynthia Cannatella described herself as, "the **surviving widow** of the late, Anthony Wayne Canatella, Sr."

Cynthia Cannatella also wrote in her state court motion, "'New York Life Insurance Company' is requiring an order issue by this Honorable Court recalling, vacating and rescinding said Temporary Restraining Order issued on May 12, 2010 and Preliminary Injunction granted on July 14, 2010, solely as regards all life insurance benefits currently being held on behalf of Cynthia Dufour Cannatella."*(N.Y. Exhibit A Document 13-4 pg. 27 of 35, pg. 28)*.

On March 15, 2011 Cynthia Cannaella appealed the district court's judgment granting the parties a *La. C. C. Art. 103(1)* divorce based on the parties living physically separate and apart for more than 180 days to the Fifth Circuit Courts of Appeal for the State of Louisiana in case no. 11-618. Briefs were submitted on behalf of both parties, and Cynthia Cannatella requested oral arguments.

The complaint for interpleader was filed in federal court on June 17, 2011 by New York Life.

### Law and Argument

**Standard for Summary Judgment**

Summary judgment is proper when the evidence reflects no genuine issue of material fact and mover is entitled to judgment as a matter of law. *FED. R. CIV. P. 56(C); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); Berquist v. Wash. Mut. Bank, 08-1049, (5th Cir., La. Apr. 20, 2009), 500 F.3d 344, 349.* There are no genuine issues of material fact or law in this case

**New York Life is not enjoined from delivering the proceeds of the policy to Diane Cannatella.**

A representative from New York Life was never enjoined by a court from delivering the proceeds of insured's life insurance policy to Diane Cannatella, the first and lawful beneficiary. *(N.Y. Exhibit A Document 13-4 pg. 7 of 35)*. Assuming for purposes of argument only a New York Life representative was indirectly enjoined from distributing the life insurance proceeds to Diane Cannatella by the state court's temporary restraining order or preliminary injunction issued only to insured, both were vacated by the state court's order signed on February 22, 2011 granting executor Joseph Cannatella, Jr.'s motion to dismiss all ancillary proceedings and on February 25, 2011 at Cynthia Cannatella's request. The complaint for interpleader was not filed until June 17, 2011.

Diane Cannatella concedes someone could interpret *Paragraph 2.5* to mean New York Life can impose a potestative condition the temporary restraining order or preliminary injunction must be vacated before its representative can distribute the policy proceeds to Diane Cannatella. The potestative condition was satisfied on February 25, 2011 when Cynthia Cannatella, after the court signed a judgment of divorce, misrepresented herself as the insured's surviving widow in and obtained an exparte court order vacating both the temporary restraining order and preliminary injunction. She continued to press her claim for the life insurance proceeds as a surviving widow even though Diane Cannatella married insured on December 7, 2010 and was his spouse when he died on December 31, 2010. *(N.Y. Exhibit A Document 13-4 pg. 19 of 35)*.

The temporary restraining order issued by State Commissioner Bailey on May 12, 2010 prohibited insured from, changing any beneficiary designations against any

8

community owned policies and/or accounts. It did not prohibit insured from exercising his right as the owner of the policy to change the beneficiary at any time pursuant **Paragraph 2.5** of his life insurance policy because proceeds of a life insurance policy are not community property, 15 La. Civ. L. Treatise, Insurance Law & Practice § 256 (3d ed.). ***Jackson Nat'l Life Ins. Co. v. Kennedy-Fagan, 03-0054, (La. App. 1 Cir. 02/06/04), 873 So.2d 44, writ denied 04-0600, (La. 04/23/04), 04 La. LEXIS 1428; First Colony Life Ins. Co. v. Kreppein, 2008 U.S. Dist. LEXIS 62770 (E.D. La., Mar. 20, 2008), see also subsequent history First Colony Life Ins. Co. v. Kreppein 08-30409, (5th Cir. La., Oct. 16, 2008) unpublished opinion 2008 U.S. App. LEXIS 21809; writ denied Kreppein v. Crane, 08-1049, (Sup. April 20, 2009), 129 S. Ct. 1999, 77 U.S.L.W. 3574.***

Generally, a party may prevail on a hearing for a preliminary injunction by showing three things:

1. The injury, loss or damage she will suffer if the injunction is not issued may be irreparable
2. She is entitled to the relief sought
3. She is likely to prevail on the merits of the case. ***Burnham Broadcasting Co. v Williams, 93-0409, (La. App. 4 Cir. 12/16/93), 629 So. 2d 1335, 1338; writ denied, 94-0150 (La. 02/25/94); cert. denied 115 S. Ct. 64, 513 U.S. 814 (1994).***

Even without insured present at the hearing officer meeting, Cynthia Cannatella did not meet the burden of showing the three requirements were met for issuing a preliminary injunction prohibiting insured from changing the beneficiary to Diane

Cannatella. Cynthia Cannatella did not have an agreement with insured assigning her irrevocable rights as a beneficiary.

Under Louisiana law, absent a conventional agreement, no one has the vested right to the status of beneficiary under a life insurance contract, if the contingent event which vests such right, the death of the insured, has not occurred. Until then, Anthony Cannatella was free to change the first beneficiary to Diane Cannatella without leave of court because the change is permitted by *Paragraph 2.5*.

Life insurance proceeds are sui generis and not by codal principles governing community property. Ownership of the proceeds is governed by the policy terms. *Fowler v. Fowler, 03-0590, (La. 12/12/03), 861 So.2d 181 at pg. 181*. Using the general rules of interpretation of a contract pursuant to *La. C.C. Art. 2047*, Anthony Cannatella complied with the terms in policy no. 62-791-089 and legally changed the first beneficiary to Diane Cannatella who survived his death. *Jackson Nat'l Life Ins. Co. v. Kennedy-Fagan, id at pg. 49; see also First Colony Ins. Co. v. Kreppein 2007 U.S. 62770, (E.D. La., June 25, 2007)*.

Cynthia Cannatella's appeal in state court is not relevant to this case because her status as married to insured, divorced, or something in between does not assign her the right to be an irrevocable beneficiary and owner of the proceeds of policy no. 62-791-089.

## Conclusion

Under the terms of policy no. 62-791-089, Diane Cannatella is the first beneficiary and entitled to the death benefit(s) payable upon the death of Anthony Cannatella, Jr., plus all costs of these proceedings and accrued interest from date of death until paid

Raymond C. Burkart, Jr., Attorney at Law, LLC

By: _____
Raymond C. Burkart, Jr. (#3673)
Attorney for Diane Cannatella
321 N. Florida #104
Covington, LA 70433
Tel. 985.893.3390
Fax 985.892.4100
burkartr@bellsouth.net

## Certificate of Service

I hereby certify a copy of the above Answer was sent to Amy Malish 400 Poydras St. #2500 N.O., La 70130 and Frederick E. Yorsch 4532 West Napoleon Ave. #201 Metairie, LA 70001 via fax, e-mail, or U.S. Mail postage prepaid on the 19th day of September 2011.

_____
Raymond C. Burkart, Jr.

11