UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEW YORK LIFE INSURANCE<br>AND ANNUITY CORPORATION | CIVIL ACTION |
| VERSUS | NO. 11-1431 |
| CYNTHIA DUFOUR CANNATELLA<br>AND DIANE PEREZ CANNATELLA | SECTION "N" (5) |

**ORDER AND REASONS**

Before the Court is Plaintiff-in-Interpleader New York Life Insurance and Annuity Corporation's ("New York Life") Motion for Attorney's Fees and Costs (Rec. Doc. 19). This motion is opposed by Defendants-in-Interpleader Cynthia Dufour Cannatella ("Cynthia Cannatella") (Rec. Doc. 24) and Diane Perez Cannatella ("Diane Cannatella") (Rec. Doc. 25). Considering all filings submitted by the parties, including the reply in support of the motion filed by New York Life (Rec. Doc. 30), the Court rules as set forth herein.

**I. BACKGROUND**

This matter involves a dispute between Cynthia Cannatella and Diane Cannatella over entitlement to death benefits payable under a New York Life universal life insurance policy, policy No. 62 791 089, insuring the life of Anthony W. Cannatella, Sr.

On or about May 24, 2000, New York Life received an application for universal life insurance policy, naming Anthony W. Cannatella, Sr. as owner and insured, electing $250,000.00 in coverage, and naming Mr. Cannatella's wife Cynthia Cannatella as first beneficiary and his son Andrew Cannatella as second beneficiary. Effective June 14, 2000, New York Life issued a

universal life insurance policy, policy no. 62 791 089 (the "Policy"), naming Anthony W. Cannatella ("Insured") as owner and insured.  The Policy had a death benefit of $250,000.00 and designated Cynthia Cannatella as first beneficiary and Andrew Cannatella as second beneficiary.  The Policy provides that New York Life will pay the Policy's death benefits to the named beneficiaries promptly when it has received proof that the insured has died, provided the premiums have been paid as called for in the premiums section of the Policy.

On or about May 12, 2010, Cynthia Cannatella filed a petition for divorce against the Insured in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana ("Divorce Proceeding").  On or about September 27, 2010, New York Life received correspondence written on behalf of Cynthia Cannatella forwarding a May 12, 2010 temporary restraining order and a June 15, 2010 interim judgment from the Divorce Proceeding restraining and enjoining the Insured from changing any beneficiary designations for any community owned policies, including New York Life policies (the "Injunction").  On or about November 10, 2010, a judgment of divorce was entered between Cynthia Cannatella and the Insured in the Divorce Proceeding.  Cynthia Cannatella subsequently appealed the judgment of divorce on grounds that the judgment was improperly granted under Louisiana Civil Code Article 103.1.

On or about November 29, 2010, New York Life received from the Insured a Change of Benficiary Request that designated Diane Cannatella as first beneficiary, Anthony W. Cannatella, Jr. and Andrew J. Cannatella as second beneficiaries, and the children of Anthony W. Cannatella, Jr. and Andrew J. Cannatella as third beneficiaries.  In response, on December 17, 2010, New York Life sent communications to the Insured, acknowledging receipt of his Change of Beneficiary Request but advising that it required additional information to process the request. New York Life advised that it needed court documentation demonstrating that the Injunction had

been lifted, along with a copy of a final divorce decree, establishing that there were no longer any restrictions on changing the Policy's beneficiaries. New York Life further communicated that once the foregoing documentation was received, it could process the Change in Beneficiary Request. New York Life did not receive the requested documentation from the Insured demonstrating that the Injunction had been vacated and/or that the court-ordered restrictions regarding changing Policy beneficiaries had been removed.

The Insured died on or about December 31, 2010. On or about February 9, 2011, New York Life received a claim for death benefits under the Policy by Cynthia Cannatella. On or about February 16, 2011, New York Life received a claim for death benefits under the Policy by Diane Cannatella. Thereafter, New York Life received conflicting information regarding to whom the Policy's death benefits should be paid. On or about March 4, 2011, New York Life received communications on behalf of Cynthia Cannatella demanding payment under the Policy and enclosing a February 25, 2011 order from the Divorce Proceeding recalling the injunction "solely as regards the release of life insurance proceeds being held by New York Life Insurance Company [sic] on behalf of Mrs. Cynthia Dufour Cannatella." Exhibit G to Rec. Doc. 13. On or about March 7 and 9, 2011, New York Life received communications on behalf of Diane Cannatella representing that the February 25, 2011 order had been improperly or fraudulently obtained by Cynthia Cannatella and demanding that the Policy's death benefits be paid to Diane Cannatella.

New York Life filed its Complaint for Interpleader, Declaratory Judgment and Injunctive Relief in this Court on June 17, 2011. On or about June 21, 2011, New York Life was granted leave to deposit the Policy's death benefit of $250,000.00 plus interest from the date of death into the Registry of the Court. On or about July 5, 2011, New York Life deposited into the Court's

Registry $254, 458.90, representing the total death benefit payable under the Policy plus interest from the date of the Insured's death.

## II. ARGUMENTS OF THE PARTIES

New York Life asserts that it is a disinterested stakeholder acting in good faith in filing this interpleader action and that, as such, it is entitled to recover $6,304.40 in attorney's fees it expended in litigating this case. The claimants assert that the balance of the facts of this case weigh against awarding attorney's fees to New York Life.

## III. DISCUSSION

In an action in interpleader, a district court has the authority to award attorney's fees and costs to the interpleader plaintiff. *See Principle Life Ins. Co. v. Chandler*, No. 07-6549, 2008 U.S. Dist. LEXIS 19627, at *5 (E.D. La. Mar. 13, 2008) (*citing Perkins State Bank v. Connolly*, 632 F.2d 1306, 1311 (5th Cir. 1980)). "The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (*citing Phillips Petroleum Co. v. Hazelwood*, 534 F.2d 61, 63 (5th Cir. 1976)). In determining whether an interpleader plaintiff should receive fees and costs, courts examine the following factors: "(1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings." *Royal Indem. Co. v. Bates*, 307 Fed. Appx. 801, 806 (5th Cir. 2009) (*citing* Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2001)).

This is a simple case, a classic interpleader invoked by an insurance company who had

received several claims to the same policy proceeds, and New York Life has not preformed any unique services for the claimaints or the court. However, New York Life has acted with good faith in bringing this interpleader action, which has provided no particular benefit to it other than of the benefit of resolving all claims in one action inherent in interpleader.

Regarding the behavior of the claimants, Diane Cannatella improperly protracted the proceedings in this case by filing an untimely opposition to New York Life's Motion to Dismiss Case, for Injunctive Relief, and for Declaratory Judgment. *See* Rec. Doc. 21. This opposition stated that Diane Cannatella did not object to New York Life's dismissal from this case, but expressed an objection to its request for injunctive relief and reservation of right to seek attorney's fees. Rec. Doc. 21, p. 1. With regard to New York Life's request for injunctive relief preventing the claimants from bringing any claims against New York Life in any other court, Diane Cannatella merely stated that she and the executor of the Insured's estate "do not intend to make New York Life a defendant in the two pending state court proceedings." *Id.* The intent of any party certainly does not provide any legal basis for denying New York Life the injunction to which it is entitled as an interpleader plaintiff.[1]

In the remainder of the opposition, Diane Cannatella addresses her substantive right to the interpleaded funds and argues that "[t]his suit was filed as a result of New York Life's indecision and failure to perform under the term of the policy." Rec. Doc. 21, p. 6. However, an interpleader plaintiff "is not required to run the risk of guessing which of the claimants is entitled to the fund." *Principle Life Ins. Co. v. Chandler*, 2008 U.S. Dist. LEXIS 19627, at *4-5 (*citing*

---

[1]Further, it is unclear why Diane Cannatella would object to the grant of an injunction if she had no intention of making New York Life a defendant in the state court actions. Her opposition to the request for injunction belies her claim that she had no intention of bringing New York Life into other litigation.

*Massachusetts Indem. and Life. Ins. Co. v. King*, 700 F.Supp. 307 (M.D. La. 1988); *Underwriters Group, Inc. v. Clear Creek Indep. Sch. Dist.*, 2006 U.S. Dist. LEXIS 47907, 2006 WL 1852254, at *5-6 (S.D. Tex. 2006)) ; *see also Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 265 (3d Cir. 2009).  The opposition presents no valid legal argument against New York Life's request for injunction or reservation of the right to request attorney's fees and was untimely filed.  As such, the opposition filed by Diane Cannatella improperly protracted the proceedings herein.

Therefore, the Court awards New York Life a reasonable attorney's fee for the additional work required of its attorney in verifying that there was an opposition to the Motion to Dismiss, for Injunctive Relief, and for Declaratory Judgment, in reading the opposition, and in responding to the opposition on the record.  The Court finds that the other attorney's fees incurred in bringing this simple interpleader are merely an ordinary cost of business for an insurance company, and will not award those fees to New York Life.  *See Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965).  New York Life has not submitted a fee bill, so the Court has no record stating what specific attorney's fees were incurred as a result of the opposition.  In the absence of such documentation, the Court, in its discretion, finds that $750 is a reasonable fee for the additional work associated with the opposition.

Because the Court has not yet determined to whom the disputed funds will be paid, the Court cannot tax the attorney's fees to the funds.  If the Court were to tax the attorney's fees to the policy proceeds and then to determine that Cynthia Cannatella was entitled to the proceeds, then Cynthia Cannatella would be punished for Diane Cannatella's meritless, if not frivolous, opposition.  Cynthia Cannatella should not be punished in the absence of any wrongdoing on her part.  As such, the $750 attorney's fee shall be taxed against Diane Cannatella.

## IV.  CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Attorney's Fees and Costs" (Rec. Doc. 19)** is **GRANTED IN PART** and **DENIED IN PART**.  New York Life is entitled to a $750 attorney's fee for having to respond to Diane Cannatella's opposition to its Motion to Dismiss, for Injunctive Relief, and for Declaratory Judgment.  This sum is payable within 60 days and will earn legal interest thereafter.  New York Life is not entitled to any additional attorney's fees or costs.

**IT IS FURTHER ORDERED** that Diane Cannatella pay this $750 attorney's fee to New York Life within 60 days of the issuance of this order.

New Orleans, Louisiana, this 7th day of February, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**