UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION** | * * * | CIVIL NO. 11-1431 |
| V. | * * | SECTION: N MAG: 4 |
| **CYNTHIA DUFOUR CANNATELLA AND DIANE PEREZCANNATELLA** | * * | |

## MEMEORANDUM IN OPPOSITION TO CYNTHIA CANNATELLA'S MOTION FOR SUMMARY JUDGMENT

Defendant Diane P. Cannatella (Diane) submits the below memorandum in opposition to Cynthia Dufour's motion for summary judgment.

### Background

Made a part of this memorandum as if copied here in extenso is Diane Cannatella's memorandum in support of her motion for summary judgment filed into the record on or about September 19, 2011.

On or about May 24, 2000 Anthony W. Cannatella, Sr. (insured) applied to New York Life for a universal life insurance policy as the owner and insured. New York Life issued universal life insurance policy no. 62-791-089, which included a death benefit of $250,000 to the named beneficiary after Anthony W. Cannatella's death. As the designated owner of the policy, Anthony Cannatella named his former wife Cynthia

Cannatella as first beneficiary and his youngest son, Andrew Cannatella as second beneficiary.

On May 12, 2010 Cynthia Dufour Cannatella filed for divorce in case no. 687-358(L) in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Commissioner Ruben J. Bailey issued a temporary restraining order enjoining insured from, "changing any beneficiary designations against any community owned policies and/or accounts. *(N.Y. Exhibit A Document 13-3 pg. 10 of 22)*. Insured was personally served with the petition for divorce on May 14, 2010.

At the time insured was served, he was in the fatal stage of esphogeal cancer. Radiation treatments made him gravely ill and bedridden. Insured could not obtain counsel until the evening of June 14, 2010. Counsel for insured contacted counsel for Cynthia Cannatella immediately and requested a continuance of the meeting with the state court hearing officer. Cynthia Cannatella refused. Counsel for insured contacted the state court hearing officer on the morning of June 15, 2010 and made a verbal motion to continue the meeting, citing insured's illness. Cynthia Cannatella objected and the motion was denied. The hearing officer recommended issuing mutual injunctions for both parties. He expanded the temporary restraining order to now include, "Life insurance policies and beneficiaries thereto." *(N.Y. Exhibit A Document 13-3 pg. 21 of 22)*.

Insured timely filed into the court record an objection to the hearing officer's recommendations, and his refusal to continue the hearing on June 17, 2010. Cynthia Cannatella also filed an objection to the Hearing Officer's recommendations on June 17, 2010 asking for more spousal support.

The judgment of divorce was signed by the court on December 1, 2010.

2

Insured signed an authorized New York Life Change of Beneficiary Request form on November 29, 2010. As owner of the policy, he designated Diane Cannatella as first beneficiary, and his sons Anthony W. Cannatella, Jr. and Andrew J. Cannatella as second beneficiaries. *(N.Y. Exhibit A Document 13-4 pg. 2 of 35).* Insured married Diane Cannatella on December 7, 2010. He died testate on December 31, 2010.

Insured's will was probated in case no. 696-515(P) in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Insured's brother, Joseph S. Cannatella, Jr. was appointed executor. As executor, Joseph Cannatella filed a motion to dismiss all ancillary matters pending in the divorce proceeding because insured's succession was opened and Cynthia Cannatella was recognized as a creditor. The court signed a judgment on February 22, 2011 granting Joseph Cannatella's motion and dismissed all ancillary proceedings pending in the divorce proceeding without prejudice. A rule is pending in the succession proceeding to compel Cynthia Cannatella to turn over property that is part of insured's estate and in her possession to Joseph Cannatella.

Despite the judgment dismissing all ancillary matters in the divorce proceedings, Cynthia Cannatella filed on February 25, 2011 an exparte motion, and the state court signed an order vacating both the Temporary Restraining Order signed on May 12, 2010 and the Preliminary Injunction signed on July 14, 2010. In her motion, Cynthia Cannatella described herself as, "the **surviving widow** of the late, Anthony Wayne Canatella, Sr."

Cynthia Cannatella also wrote in her state court motion, "'New York Life Insurance Company' is requiring an order issue by this Honorable Court recalling, vacating and rescinding said Temporary Restraining Order issued on May 12, 2010 and

3

Preliminary Injunction granted on July 14, 2010, solely as regards all life insurance benefits currently being held on behalf of Cynthia Dufour Cannatella."*(N.Y. Exhibit A Document 13-4 pg. 27 of 35, pg. 28)*.

The complaint for interpleader was filed in federal court on June 17, 2011 by New York Life.

### Law and Argument

**Standard for Summary Judgment**

Summary judgment is proper when the evidence reflects no genuine issue of material fact and mover is entitled to judgment as a matter of law. *FED. R. CIV. P. 56(C); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); Berquist v. Wash. Mut. Bank, 08-1049, (5th Cir., La. Apr. 20, 2009), 500 F.3d 344, 349.*

In light of the court's order and reasons filed herein on February 16, 2012, there are material issues of fact and law in this case that preclude summary judgment in favor of Cynthia Dufour namely, she cannot prove to either this court or the state court the value of her share of the former community of acquits and gains was infringed upon when insured changed his beneficiary; to the point she is entitled to receive the proceeds of the life insurance policy for violating the restraining order.

4

**Invalidating a contractually valid change in beneficiary on a whole life insurance policy based solely on a routine injunction issued by the state court solely to maintain the, "status quo" pending an inventory or partition of community property, and not issued personally against the new beneficiary Diane Cannatella violates Diane's right to due process under the law. Stepping into and shoes of the state court and refusing to recognize the change in beneficiary presumes if the insured was alive at the time the state court completed an inventory or partition of community property, it would have invoked the harshest penalty, to the detriment of an innocent third party beneficiary, and refuse to allow insured to change his beneficiary, despite the fact there were always sufficient assets to award Cynthia Dufour her fair share of the former community estate. She also violated the same mutual injunction by withdrawing funds from community accounts and placed some in the name of her son to defraud the community estate.**

An injunction obtained by a party to a suit for divorce and to partition the community regime continues until there is a court order dissolving the injunction, or the necessity to issue an injunction abates because the community estate was inventoried and/or partitioned. *Sample v. Sample 82-0468 (La. App. 1 Cir. 11/16/82) 423 So.2d 106 citing Davis v. Davis, 420 So.2d 432 (La. 1982)*.

Stated differently, a Louisiana Court in an action to partition the community of acquits and gains formerly existing between a husband and wife routinely issues an equitable injunction pursuant to *La. R.S. 9:317* without a showing of irreparable harm so the court can maintain the, "status quo" until it can equally divide the value of the community of assets and liabilities between each spouse. *Kambur v. Kambur 94-775 (La. App. 5 Cir. 03/01/95), 652 So. 2d 99*.

When it comes to valuing the community estate's interest in a life insurance policy for purposes of partitioning/inventorying the community property and liabilities, the court can only value the lifetime benefits of the policy to the community estate and not the death benefits paid to a beneficiary.

5

The lifetime benefits of a life insurance policy are those exercisable by the owner and/or insured pursuant to policy terms and provisions during the lifetime of the owner and/or insured. For purposes of this memorandum only, the owner is presumed to be the community estate.

The lifetime benefits the community has an interest in usually includes the right to cash surrender value, to receive dividends, assign or pledge policy proceeds, borrow against the policy, name and change the beneficiary, and execute conversion rights. ***Berry v. Metropolitan Life Ins. Co. 10,586 (La. App. 1 Cir. 01/12/76) 327 So.2d 521; rehearing refused, writ refused 04/09/76.***

Diane is informed and believes and on such information and belief alleges the New York policy provides for and lists various cash surrender values and loans, and has a table to allow the owner to calculate the cost of the insurance policy. *(N.Y. Life Document 13-2)*. The value of the lifetime benefits are placed by the state court in the community property estate pot along with other community assets to pay outstanding community liabilities. The value of any community assets remaining is equally divided to each spouse and if the assets can not be equally divided, a cash payment to equalize the value each spouse receives is permitted.

If insured had not died prior to an inventory or a partition of the community estate, the law would have required the state court to consider only the lifetime benefits of the life insurance policy without regard a named beneficiary. Since Cynthia Dufour was not an irrevocable beneficiary and the right to designate a beneficiary was not assigned to a third party for the benefit of the community estate, the value of the lifetime

6

right to change the beneficiary to the community estate is zero even if insured changed the beneficiary in violation of a restraining order.

The value of the New York policy to the community estate includes only the reimbursement of the amount of premiums paid during the existence of the community plus the cash surrender value of the policy at the time the community cease to exist on May 12, 2010. After that date, insured was required to make premium payments out of his separate property or his share of the community property.

In this case two whole life insurance policies were issued by New York Life while the parties were married, one to insured and one to Cynthia Dufour. Diane is informed and believes and on such information and belief alleges the death benefit in the policy issued to Cynthia Dufour was $100,000. *(Exhibits 1&2)*. The detailed descriptive lists filed by Cynthia Dufour in the divorce proceeding lists the value of each policy to the community estate as, "100% of cash surrender value to Mrs. Cannatella (Cynthia)" for both policies. Given:

1. Almost all of the community assets are currently in the custody and control of Cynthia Dufour. *(Exhibits 3&4)*

2. Cynthia Dufour removed funds from community accounts and placed the money in separate accounts in her name, Andrew Cannatella's name, or in the names of both Andrew Cannatella in an effort to defraud the community of funds, in violation of the same mutual injunction before this court. She is hard pressed to establish insured's actions infringed on the community estate and Diane should be punished for insured and Cynthia Dufour's violations.

7

Proceedings are pending in the Succession of Anthony W. Cannatella, Sr. to compel Cynthia Dufour to turn over all property the insured's estate has an interest in to the court appointed executor so all property can be inventoried and valued; and all claims against insured's estate paid, including Cynthia Dufour's claim. The practical effect of ***Articles 685 and 3211 of the Louisiana Code of Civil Procedure*** is to give executor full seizin of all community property for administration and eventual liquidation to satisfy creditors' claims and eventual distribution to the legatees. ***<u>Katherine S. Spaht, Co-ownership of Former Community Property;</u> La. C.C.P. arts. 3018-3395; Succession of Pailet, 92-138 (La. App. 5 Cir. 06/23/02,) 602 So.2d 152.***

***La. R.S. 22:912*** exempts death benefits of a life insurance policy from claims against creditors and representatives of the insured. Claims for the cash surrender value of the policy are also excluded.

Cynthia Dufour's claim against insured's estate for her share of the former community of acquits and gains is no longer governed by ***La. R.S. 9:2801, et seq***, the laws governing community property. The claim is governed by the laws of Succession. ***In re: Succession of Charles Robert Sessions 08-1683 (La. App. 1 Cir. 09/10/09) 23 So.3d 954***.

In ***Kamber v. Kamber***, the case cited by the court in its order and reasons, the former husband and wife entered into a consent judgment regarding the community property. The judgment provided in part the parties agreed to divide gains from life insurance policies. The appellate court held the district court divided assets and liabilities so that each spouse received property of equal net value, under ***La. R.S. 9:2801(4)***. It approved the district court's order the husband to pay off a loan from the insurance policy

8

and to pay the wife an equalizing sum of $2,396. The appellate court specifically noted the issue of life insurance proceeds was not before the court. *(id at pg.103)*.

At the time of insured's death, Diane Cannatella was the lawful wife of insured and had an insurable interest in defendant. Despite their short term marriage, she and insured had a long term relationship before the physical separation. Diane cared for insured during his illness from March 2010 until his death.

Insured died before he was able to prosecute Cynthia Dufour in court for violating the same injunction she now seeks to profit by. The beneficiary change had no impact on the valuation of the community estate or in the ultimate equal distribution of the former community property.

A mutual equitable injunctive decree does not create a right, but merely protects the rights of complainants from unlawful and injurious interference. A complainant who seeks sanctions for violating the same injunction she violated does not thereby acquire a perpetual or vested right in the remedy, or in the law governing the injunction, or in the effect of the injunction. Nor is Cynthia Dufour entitled to the same measure of protection.

The injunction order or decree is an ambulatory one and marches along with time, affected by the nature of the proceeding and actions of the parties. It is executory and continuing as to the purpose and object to be attained, and it is always subject to adaption as events may shape the need.

A court of equity has the power to modify an injunction in adaptation to changed conditions. Power to modify the decree is reserved by its very terms and so from the beginning goes hand in hand with its restraints.

9

A court has inherent power to enforce its injunctive decrees. The authority is not alone dependent upon *La. C.C.P. art. 3611*, which deals with the disobedience of an injunction. The power to modify its decree as conditions warrant, even to the extent of revocation, is equally inherent and logically included in the authority of enforcement, particularly when both parties violate the injunction.

By the same principle, if an innocent party is caused to suffer irreparable injury or damage by the continued enforcement of the injunctive decree when on account of circumstances it has served its intended purpose, namely to maintain the status quo of the community estate, and is no longer needed, the innocent beneficiary irreparably harmed by an unreasonable sanction under the circumstances is not afforded due process guaranteed by the U.S. and Louisiana Constitutions in a court of law. *American Cyanamid Co. v. Roberts 1962 (La. App. 4 Cir. 12/06/65), 180 So.2d 810.*

**Stay proceedings in this matter until Cynthia Dufour's claim is adjudicated in the succession proceedings**

Since both insured and Cynthia Dufour violated the mutual injunction, it is suggested the court stay the interpleader proceeding pending a decision on Cynthia Dufour's community property claim already recognized by executor. Cynthia Dufour is the person responsible for delaying the succession proceedings. After Cynthia Dufour's claim is resolved by settlement or judgment, Diane should be awarded the insurance proceeds.

10

## Conclusion

Cynthia Dufour's motion for summary judgment should be denied and proceedings in this matter stayed pending a resolution of her claims in the succession proceedings. After Cynthia Dufour's claim is resolved by settlement or judgment, the insurance proceeds should be awarded to Diane Cannatella.

Raymond C. Burkart, Jr., Attorney at Law, LLC

By: _____
Raymond C. Burkart, Jr. (#3673)
Attorney for Diane Cannatella
321 N. Florida #104
Covington, LA 70433
Tel. 985.893.3390
Fax 985.892.4100
burkartr@bellsouth.net

## Certificate of Service

I hereby certify a copy of the above Answer was sent to Amy Malish 400 Poydras St. #2500 N.O., La 70130 and Wiley Beevers 210 Huey P. Long Ave. Gretna, LA 7053 via fax, e-mail, or U.S. Mail postage prepaid on the 13th day of March 2012.

_____
Raymond C. Burkart, Jr.

11