UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION | CIVIL ACTION |
| VERSUS | NO. 11-1431 |
| CYNTHIA DUFOUR CANNATELLA AND DIANE PEREZ CANNATELLA | SECTION "N" (5) |

**ORDER AND REASONS**

Before the Court is Defendant-in-Interpleader Cynthia Dufour Cannatella's ("Cynthia Cannatella") Motion for Summary Judgment (Rec. Doc. 38). This motion is opposed by Defendant-in-Interpleader Diane Perez Cannatella ("Diane Cannatella") (Rec. Doc. 39). Considering all filings submitted by the parties, including Cynthia Cannatella's Reply Memorandum (Rec. Doc. 44), the Court rules as set forth herein.

**I. BACKGROUND**

This matter involves a dispute between Cynthia Cannatella and Diane Cannatella over entitlement to death benefits payable under a New York Life universal life insurance policy, policy No. 62 791 089, insuring the life of Anthony W. Cannatella, Sr.

On or about May 24, 2000, New York Life received an application for universal life insurance, naming Anthony W. Cannatella, Sr. as policy owner and also insured, electing $250,000.00 in coverage, and naming Mr. Cannatella's then-wife Cynthia Cannatella as first

beneficiary, and his son Andrew Cannatella as second beneficiary.  Effective June 14, 2000, New York Life issued a universal life insurance policy, policy no. 62 791 089 (the "Policy"), naming Anthony W. Cannatella ("Insured") as owner and insured.  The Policy had a death benefit of $250,000.00 and designated Cynthia Cannatella as first beneficiary and Andrew Cannatella as second beneficiary, as requested.  The Policy provides that New York Life will pay the Policy's death benefits to the named beneficiaries promptly when it has received proof that the insured has died, provided the premiums have been paid as called for in the premiums section of the Policy.

On or about May 12, 2010, Cynthia Cannatella filed a petition for divorce against the Insured in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana ("Divorce Proceeding").  On or about September 27, 2010, New York Life received correspondence written on behalf of Cynthia Cannatella forwarding a May 12, 2010 temporary restraining order and a June 15, 2010 interim judgment from the Divorce Proceeding restraining and enjoining the Insured from changing any beneficiary designations for any community-owned life insurance policies (the "Injunction").  On or about November 10, 2010, a judgment of divorce was entered between Cynthia Cannatella and the Insured in the Divorce Proceeding.  Cynthia Cannatella subsequently appealed the judgment of divorce on grounds that the judgment was improperly granted under Louisiana Civil Code Article 103.1.

On or about November 29, 2010, New York Life received from the Insured a "Change of Benficiary Request" that designated Diane Cannatella as first beneficiary, Anthony W. Cannatella, Jr. and Andrew J. Cannatella as second beneficiaries, and the children of Anthony W. Cannatella, Jr. and Andrew J. Cannatella as third beneficiaries.  In response, on December 17, 2010, New York Life sent communications to the Insured, acknowledging receipt of his "Change

of Beneficiary Request," but advising that it required additional information to process the request. New York Life advised that it needed court documentation demonstrating that the Injunction had been lifted, along with a copy of a final divorce decree, establishing that there were no longer any restrictions on changing the Policy's beneficiaries. New York Life further communicated that once the foregoing documentation was received, it could process the "Change in Beneficiary Request." New York Life did not receive the requested documentation from the Insured demonstrating that the Injunction had been vacated and/or that the court-ordered restrictions regarding changing Policy beneficiaries had been removed.

      The Insured died on or about December 31, 2010. On or about February 9, 2011, New York Life received from Cynthia Cannatella a claim for death benefits under the Policy. On or about February 16, 2011, New York Life received from Diane Cannatella a claim for death benefits under the Policy. Thereafter, New York Life received conflicting information regarding to whom the Policy's death benefits should be paid. On or about March 4, 2011, New York Life received communications on behalf of Cynthia Cannatella demanding payment under the Policy and enclosing a February 25, 2011 order from the Divorce Proceeding recalling the Injunction "solely as regards the release of life insurance proceeds being held by New York Life Insurance Company [sic] on behalf of Mrs. Cynthia Dufour Cannatella." Exhibit G to Rec. Doc. 13. On or about March 7 and 9, 2011, New York Life received communications on behalf of Diane Cannatella representing that the February 25, 2011 order had been improperly or fraudulently obtained by Cynthia Cannatella and demanding that the Policy's death benefits be paid to Diane Cannatella.

      New York Life filed its Complaint for Interpleader, Declaratory Judgment and Injunctive Relief in this Court on June 17, 2011. On June 21, 2011, New York Life was granted leave to

deposit the Policy's death benefit of $250,000.00 plus interest from the date of death into the Registry of the Court. On July 5, 2011, New York Life deposited into the Court's Registry $254,458.90, representing the total death benefit payable under the Policy plus interest from the date of the Insured's death.

On September 29, 2011, Diane Cannatella filed a Motion for Summary Judgment asserting her entitlement to the proceeds in the Court's Registry. Rec. Doc. 20. The Court denied Diane Cannatella's motion in an Order and Reasons dated February 16, 2012. Rec. Doc. 37. The Court found that because the Injunction applied to the Policy and it was in effect at the time of the Insured's death, the Insured's attempt to change the policy beneficiary was ineffective. As such, Diane Cannatella's Motion was denied.

## II. ARGUMENTS OF THE PARTIES

Cynthia Cannatella argues that because the Insured failed to effectuate a valid change of beneficiary, she remained the first beneficiry on the Policy at the time of insured's death and is entitled to received the policy proceeds deposited in the Court's Registry.

On the other hand, Diane Cannatella argues that under Louisiana law, only the lifetime benefits of the Policy are community property and that these benefits are to be divided at the partition of the community, along with all other assets and liabilities. Diane Cannatella states that death benefits from a life insurance policy are exempt from the claims of creditors under Louisiana Revised Statute 22:912, La. Rev. Stat. Ann. § 22:912 (West 2012), and that Cynthia Cannatella has been characterized as a creditor in the Insured's succession proceeding. *Succession of Anthony W. Cannatella, Sr.*, No. 696-516 (24th Judicial District Court, Jefferson Parish). Diane Cannatella claims that Cynthia Cannatella is entitled only to her share of the

community of acquets and gains, and that the death benefits from the Policy are not community. Diane Cannatella further asserts that Cynthia Cannatella also violated the Injunction, and that she should not be allowed to profit from the Injunction that she violated.

### III. DISCUSSION

#### A. Legal Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S.Ct. 2553; *see also Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*citations omitted*). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (*emphasis omitted*) (*citing Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit

a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

    **B. Analysis**

    Under Louisiana law, "community property comprises: property acquired during the existence of the legal regime through the effort, skill, or industry of either spouse." La. Civ. Code Ann. Art. 2338. Property in "possession of a spouse during the existence of a regime of community of acquets and gains [is] presumed to be community." La. Civ. Code Ann. art. 2340. While life insurance proceeds are payable according to the policy terms and not subject to community claims, the ownership of a life insurance policy itself is presumed to be community property when obtained during the existence of the legal regime. *See Kambur v. Kambur*, 94-775, p. 6 (La. App. 5 Cir. 3/1/95); 652 So.2d 99, 103. A spouse may overcome this presumption of community and prove the separate nature of property by a preponderance of the evidence. *Talbot v. Talbot*, 2003-0814, p. 1-2 (La. 12/12/03); 864 So.2d 590, 593.

    As a community-owned life insurance policy, the Policy was covered by the specific terms of the Injunction which prevented the Insured from "changing any beneficiary designations against any community owned policies." Exhibit B to Rec. Doc. 13, p. 10; *see Id.* at 21 (making the temporary restraining order a permanent injunction). The Injunction specifically stated that it "appl[ied] to life insurance policies and beneficiaries thereto." *Id.* at 21. The Injunction was still in effect on November 29, 2010 when the Insured filed his "Change of Beneficiary Request" form with New York Life. *See* Exhibit F to Rec. Doc. 13, p. 12 (section of the Divorce Judgment continuing the "Objection to Hearing Officer's Recommendations and Interim Order and/or Order to Set Default Hearing before the District Judge" to February 10, 2011).

As the Injunction was in effect when the Insured submitted the change of beneficiary request form, this change violated the Injunction and was thus invalid.  *See* Exhibit C to Rec. Doc. 13.  Cynthia Cannatella therefore remained the first named beneficiary on the Policy at the time of the insured's death.

Diane Cannatella argues that Cynthia Cannatella is merely a creditor of the Insured's estate, and that death benefits are exempt from creditors under Louisiana Revised Statute 22:912.  La. Rev. Stat. Ann. § 22:912 (West 2012).   However, the statute says that "[t]he lawful beneficiary, assignee, or payee, including the insured's estate, of a life insurance policy . . . shall be entitled to the proceeds and avails of the policy against the creditors and representatives of the insured."  *Id.*  Cynthia Cannatella was the lawful beneficiary at the time of Insured's death; she is entitled to the Policy proceeds not because she is a creditor of the Insured's estate with respect to her share of the community, but because she was the contractually named beneficiary on the Policy when the Insured died.

Diane Cannatella notes that a court may modify an injunction when circumstances change, and asks that the Court stay this action while the state court resolves Cynthia Cannatella's community property claim.

The Court declines to stay this matter pending a state court decision on Cynthia Cannatella's community property claim because that claim is unrelated to this lawsuit.  As the Louisiana Fifth Circuit Court of Appeal has stated, "[i]t is well settled in Louisiana that life insurance *proceeds*, if payable to a named beneficiary other than the estate of the insured, are not considered to be a part of the estate of the insured. . . .  Life insurance *proceeds* are not subject . . . to community claims."  *Kambur*, 94-775, p. 6; 652 So.2d at 103 (*citing American Health & Life Ins. Co. V. Binford*, 511 So.2d 1250, 1253 (La. App. 2 Cir. 1987)) (emphasis in original).  The

Policy proceeds are not part of the insured's estate and not subject to Cynthia Cannatella's community property claim.  Therefore, the Insured's succession does not involve the Policy proceeds and there is no reason for this Court to delay decision of this matter.

Finally, Diane Cannatella states that Cynthia Cannatella should not be allowed to benefit from the Injunction because she violated it in several respects.  As the state court issued the Injunction, it is the province of that court to determine what repercussions should result from its violation, if such violation indeed occurred.  Further, Cynthia Cannatella's alleged violations of the Injunction do not diminish its effect.  As this Court has previously held, the Injunction prevented the Insured from changing the beneficiary designation on the Policy, such that Cynthia Cannatella was the first beneficiary when the Insured died.  Rec. Doc. 37 at 8.  Cynthia Cannatella is thus entitled to judgment as a matter of law.

IV.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the **"Motion for Summary Judgment" (Rec. Doc. 38)** is **GRANTED**.  The Policy proceeds currently in the Court's Registry are awarded to Cynthia Cannatella.

New Orleans, Louisiana, this 7th day of June, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**